IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW N.P. JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-1350-RGA |
| | : | |
| BRIDGEVILLE POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

Matthew Jones, Greenwood, Delaware.   Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

October ⏀, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action in July 2017 in the United States District Court for the District of Columbia. The matter was transferred to this Court in September 2017. (D.I. 5, 6). Jones asserts jurisdiction by reason of a United States government defendant, a federal question, and diversity. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Jones alleges that from September 17, 2015 to the present, long standing enslavement, malicious prosecution, fraudulent medical diagnosis, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts were committed. (D.I. 1 at 4). Jones alleges the acts are a result of a September 17, 2015 traffic stop when he was stopped and ticketed for using his cell phone while driving.

At the time of the traffic stop, Jones told the officer, "Over 100 kids died this month on their first day of school at Woodbridge. They were raped to death by you, the police force, black men, and others." (*Id.* at 5). The officer replied, "It is a sad occurrence. You should try not to think about it," handed Plaintiff a ticket, and drove away. (*Id.*). Jones alleges that this was the third time that the Police Department has followed him through the town of Bridgeville, Delaware. (*Id*). Plaintiff has received two other traffic citations from Defendant Bridgeville Police Department, both more than eight years earlier -- on September 9, 2007 for speeding and on February 12, 2004, for

2

no seatbelt.  (*Id*. at 7).  He received fines for both citations and was found guilty of speeding.  (*Id*.).

Plaintiff was offered a plea bargain by Defendant that involved "guilt and a fine." (*Id*. at 5)  The arresting officer did not appear at trial, and Plaintiff's case was dismissed.  (*Id*.).  At the time, Plaintiff told the presiding judge that the Justice of the Peace Court 4 knows that he has been kidnapped his entire life and used as a sex slave.  (*Id*. at 6).  He also told the judge that the JP Court knew of the many attempts to end Plaintiff's life ("sexually through disease and rape"), and that police officers from different barracks could not understand why "their violent rape had not killed" him. (*Id*.).  The judge told Plaintiff that a full investigation would have to be made.  Plaintiff alleges there was no investigation.  (*Id*.)

Plaintiff alleges that in the past, he told Defendant that he was kidnaped, imprisoned, enslaved, maimed, injured, wounded, a victim of sexual assault, poisoning, violent assault, theft, larceny, slander, harassment, stalking, rape and attempted murder.  (*Id*.).  He alleges there were also traffic incidents and police contacts in other jurisdictions and relates his history of unspeakable acts of violence against him beginning in kindergarten and continuing through high school.  (*Id*. at 10-12).  Plaintiff alleges the police murdered his girlfriend when he was the 9th grade and murdered another girlfriend when he was in the 11th grade.  (*Id*. at 11).

Jones alleges numerous violations of federal criminal law and amendments of the United States Constitution.  (*Id*. at 12-15).  He seeks ten billion dollars in damages, to have his actual identity restored, justice to be served on his assailants, his actual name and birth date to be authenticated, his background history to be appropriately

3

amended, the police to be disbanded, fired, and unemployed, and the State and local police to close.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be

inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:  (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding

5

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Court liberally construes the complaint as attempting to raise claims under 42 U.S.C. § 1983 given that Plaintiff refers to various amendments of the United States Constitution. The Bridgeville Police Department falls under the umbrella of the Town of Bridgeville, Delaware. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an alleged unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Jones has not pled that the Bridgeville Police Department was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the Town of Bridgeville directly caused harm to Jones, his § 1983 claim cannot stand. Moreover, the allegations do not rise to the level of a constitutional violation. Rather, they indicate that Jones was stopped for a traffic violation and

6

ticketed.   The complaint is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds amendment futile. Plaintiff's claims (D.I. 1 at 4) of, *inter alia*, long-standing enslavement, sexual slavery, identity theft, and attempted murder are "fantastic and delusional."   The claims cannot be, and are not, attributed to the Bridgeville Police Department.   The "inattentive driving" ticket allegation, which is attributed to the Bridgeville Police Department, cannot be amended to state a constitutional violation.

Plaintiff filed a similar complaint against the Harrington Delaware Police Department, dismissed by this Court as frivolous.   *See Jones v. Harrington Del. Police Dep't*, Civ. No. 17-395 (D. Del. June 1, 2017).   The dismissal was affirmed on appeal. *Jones v. Harrington Del. Police Dep't*, 731 F. App'x 162, 164 (3d Cir. 2018) ("We perceive no error in the District Court's determination that amendment of the complaint would have been futile, as there are no factual allegations from which we can infer that Jones could have an actionable claim for relief.").

An appropriate order will be entered.